IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRY L. SAMUELS, #06891-025** | ) |
| | ) |
| Petitioner, | ) |
| | ) CASE NO. 10-cv-942-MJR |
| vs. | ) |
| | ) |
| **UNITED STATES of AMERICA,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." After carefully reviewing the motion in the present case and the Court's own records, the Court concludes that Petitioner is not entitled to relief, and the motion must be dismissed.

Prior to the passage of the Antiterrorism and Effective Death Penalty Act, Pub. L 104-132, 110 Stat. 1214 ("the Act"), a motion under § 2255 could be brought at any time. However, since the Act was passed on April 24, 1996, § 2255 now provides, in pertinent part:

A 1-year period of limitation shall apply to a motion under this section. The

limitation period shall run from the latest of--

1

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the instant case, the Petitioner was sentenced on October 13, 2004. Petitioner did not appeal his conviction. Federal Rules of Appellate Procedure 4(b) applicable at the time Petitioner could have filed his appeal states that an appeal of a criminal case must be filed within 10 days of the entry of judgment. Therefore, for purposes of § 2255, the Petitioner's conviction became final on October 27, 2004, when he became time-barred from appealing his conviction.

However, Petitioner attempts to rely on 28 U.S.C. §2255(f)(3) to argue that his limitations period did not begin running until after the Supreme Court decided *United States v. Begay*, 553 U.S. 137 (2008). The *Begay* case narrowed the definition of 'violent felony' as used in the Armed Career Criminal Act. Petitioner attempts to use this holding to argue that his conviction for Reckless Unlawful Discharge of a Firearm should not have been used to enhance his sentence under the Act. The Court does not need to consider this argument, however, because even if applicable it too is time barred. The *Begay* case was decided April 16, 2008. If 28 U.S.C. §2255(f)(3) does indeed apply to the case at bar, Petitioner's one year statute of limitations period ran out April 16, 2009, one year after the Supreme Court decided the *Begay* case.

Petitioner filed the instant motion on November 18, 2010. Thus, the Petitioner's judgment of conviction was final for over 6 years prior to the filing of his motion under § 2255. 28 U.S.C. §2255(f)(3) provides a later date for the tolling of the statutory period. However, even using this subsection Petitioner is over a year too late. Therefore, the motion is barred by the statute of limitations, and this Court lacks jurisdiction to entertain the motion.

**IT IS SO ORDERED.**

**DATED: March 23, 2011**

/s/ **MICHAEL J. REAGAN**
**U.S. DISTRICT JUDGE**